**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TOMMY W. STEELE,** ) | |
| **ID # 4227-15,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-2011-B (BH) |
| ) | |
| **SHANI FLEMINS,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

Tommy W. Steele (Plaintiff) brings a second lawsuit under 42 U.S.C. § 1983 against Shani Flemins (Defendant), who was appointed to represent him on a charge of possession of a controlled substance in Cause No. 40590CR in the 443rd Judicial District Court of Ellis County, Texas. (doc. 3 at 2-4; *Steele v. Flemins*, No. 3:16-CV-471-N (N.D. Tex.), doc. 3 at 3.) Plaintiff claims he was indicted more than 180 days after his arrest, and that Defendant refused to file a motion to dismiss the indictment on that basis. (*Id* at 3-4.) No process has been issued in this case.

**II. THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil

actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Steele v. Grubbs*, No. 3:16-CV-1117-M (N.D. Tex.)[1]; *Steele v. Brown*, No. 3:16-CV-1116-N (N.D. Tex.); *Steele v. Flemins*, No. 3:16-CV-471-N (N.D. Tex.)[2]. Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400.00 filing fee[3] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

---

[1] The findings, conclusions and recommendation in No. 3:16-CV-1117-M provided Plaintiff notice that the dismissal of his complaint as frivolous counted as a strike for purposes of § 1915(g). (*See id.*, doc. 7 at 4.)

[2] Plaintiff asserted substantially the same claims against the same defendant as in this lawsuit, and his federal claims were dismissed as for frivolousness and failure to state a claim. (*See* No. 3:16-CV-471-N, docs. 9, 14, 15.)

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**SO RECOMMENDED this 14th day of July, 2016.**


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3